HUMPHREY *v.* DETROIT, MONROE & TOLEDO SHORT LINE RAILWAY.

1. CARRIERS—ELECTRIC RAILWAYS—ACTION TO RECOVER PENALTY FOR EXCESSIVE CHARGE IN STATE—INTERSTATE COMMERCE ACT—MATERIALITY.

In an action by a passenger against an interurban electric railway company, engaged in interstate as well as intrastate commerce, to recover the penalty provided by the State statute (2 Comp. Laws 1915, § 8244), for excessive charge for fare between Monroe and Detroit, in violation of an ordinance of the city of Monroe, agreed to by defendant, fixing the rate between said cities, *held,* unnecessary to decide whether defendant is so engaged in interstate commerce as to bring it within the provisions of the interstate commerce act (U. S. Comp. Stat. 1916, § 8569, subd. 7), where it does not affirmatively appear in the record that the interstate commerce commission made any order affecting the rates to be charged by defendant, although it does appear that application for permission to change the rate of fare was filed in the office of the commission.

2. SAME—EVIDENCE—SUFFICIENCY.

Even if the statement of defendant's general traffic manager that the commission acted upon the application should be held sufficient to establish the fact that approval of the increase in rates asked for was given, it cannot be inferred that it affected the rates on defendant's intrastate lines.

3. SAME—POWERS OF INTERSTATE COMMERCE COMMISSION TO CHANGE INTRASTATE RATES.

As to whether the interstate commerce commission has power to interfere with intrastate rates when established by statute of the State or fixed by ordinance of a municipality—*quære.*

4. SAME—FILING RATE WITH STATE RAILROAD COMMISSION—EVIDENCE—SUFFICIENCY.

Testimony by defendant's general traffic manager that de-

fendant had a receipt issued by the Michigan railroad commission acknowledging that the proposed increase in rates had been filed with said commission, *held*, insufficient to establish the fact of said filing; said receipt not being in the record.

5. SAME—PROOFS—SUFFICIENCY—DIRECTED VERDICT.
    Under the proofs submitted, *held*, that the trial judge was justified in directing a verdict for plaintiff.

Error to Monroe; Root (Jesse H.), J. Submitted April 7, 1920. (Docket No. 2.) Decided December 21, 1920. Rehearing denied March 30, 1921 (213 Mich. 113).

Assumpsit in justice's court by Ira G. Humphrey against the Detroit, Monroe & Toledo Short Line Railway, for the statutory penalty for collecting an excessive fare. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Bernard F. Weadock* (*Thornton Dixon* and *Donnelly, Hally, Lyster & Munro*, of counsel), for appellant.

*Willis Baldwin*, for appellee.

SHARPE, J. The defendant is a Michigan corporation, organized under the general railroad law of the State. It operates an electric railway between the city of Detroit and the city of Toledo in the State of Ohio. It secured the right to occupy the streets of the city of Monroe, through which it passes, under an ordinance enacted September 22, 1902, and duly accepted by it. Under the terms of this ordinance the defendant agreed not to "charge a higher rate of fare or for freight carriage from any point on their said lines, to the city of Monroe, than they shall charge from the

city of Monroe to such points." The fare over the through line from Monroe to Toledo was fixed at not to exceed 30 cents, and from Monroe to Detroit at not to exceed 50 cents.

The plaintiff, a resident of Monroe, made four round trips from Monroe to Detroit in November, 1918, and was charged by the conductor on each car upon which he traveled the sum of 65 cents, including war tax, this being in excess of the rate so fixed. He brought suit to recover the penalty provided for in section 8244, 2 Comp. Laws 1915, for excessive charge. The defendant contended that it was engaged in interstate commerce, that it had filed tariff schedules with the interstate commerce commission as required by the Federal act regulating the transportation of passengers and freight, and also with the Michigan railroad commission, and was thereby relieved from the provisions of the ordinance. The trial judge directed a verdict for the plaintiff for $800, on which judgment was rendered, and from which defendant appeals.

Defendant is unquestionably engaged in interstate commerce. It transports both passengers and freight from points in Michigan to points in Ohio. We are not on this record called upon to determine whether the defendant is so engaged as to bring it within the provisions of the interstate commerce act (U. S. Comp. St. 1916, § 8569, subd. 7), it not appearing affirmatively in this record that the commission made any order affecting the rates to be charged by defendant. It does appear in the proofs that the defendant company, in July, 1918, filed in the office of the commission an application for permission to change the rate of fare theretofore charged by it. The request for permission reads:

"Detroit, Monroe & Toledo Short Line Railway, between stations as indicated in G. P. D. 34, I. C. C. A. 34, supply of which is exhausted, five copies being sub-

mitted with application of May 5. Commissioners No. 5856. Through fares to be based on five (5) cents in Detroit, to and from D. U. R. Junction, and in Toledo to and from Toledo Limits, plus two (2) cents per mile for mileage outside of these cities."

The only evidence tending to show any action on this request on the part of the commission is the statement of Mr. Rodger, general traffic manager of defendant, that "the commission acted upon my application." If it made any order, it does not appear in the record. Under the law as it existed before the amendment in 1917—

"Provided further, until January first, nineteen hundred and twenty, no increased rate, fare, charge or classification shall be filed except after approval thereof has been secured from the commission. Such approval may, in the discretion of the commission, be given without formal hearing, and in such case shall not affect any subsequent proceeding relative to such rate, fare, charge or classification,"

—no order was necessary. Even if the statement of Mr. Rodger should be held sufficient to establish the fact that approval of the increase of rates asked for was given, we cannot infer that it affected the rates on the defendant line which were intrastate, as was that between Monroe and Detroit, nor are we required to decide whether the commission has the power to interfere with such intrastate rate when established by statute of the State or fixed by the ordinance in question.

Neither do we find that there is any sufficient proof in the record to establish the fact that the proposed increase was filed with the Michigan railroad commission. Mr. Rodger testified:

"I am familiar with the report of the Detroit, Monroe & Toledo Railway filed with the Michigan railroad commission; a tariff similar to the one just referred to (that filed with the interstate commerce commis-

sion) was filed with the Michigan railroad commission, and this is the receipt by the commission of the tariff which we received from them. * * * I can't swear that it was filed, except that we have their receipt for it and that describes this tariff. (Exhibit 'D' offered and admitted in evidence.)"

We have carefully examined the record and do not find this exhibit therein. We, therefore, do not feel called upon to discuss or decide the legal effect of the filing of such proposed schedule of rates with the State commission, as we must hold that there is no sufficient proof that one was filed or of the contents thereof.

Under the proofs submitted, we are of the opinion that the trial judge was justified in directing a verdict for the plaintiff. Judgment is therefore affirmed.

MOORE, C.J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.