HUMPHREY *v.* DETROIT, MONROE & TOLEDO SHORT
LINE RAILWAY.

CARRIERS—STREET RAILWAYS—RATES—POWERS OF STATE RAIL-
ROAD COMMISSION TO CHANGE—STATUTES—FILING SCHEDULE.

> In view of section 3, subd. *c*, Act No. 300, Pub. Acts 1909,
> creating the railroad commission, which provides that no
> authority is thereby given the commission "to interfere
> with, lessen or impair, or to authorize the impairment
> of any franchise provision, contract or agreement as to
> rate of fare * * * now existing between any mu-
> nicipality * * * and any tram railway, street rail-
> way, interurban or suburban railway company, or to in-
> crease or lessen the rate of fare fixed by such franchise,
> contract, or agreement," the mere filing of a schedule of
> rates proposed to be charged by defendant railroad com-
> pany with the Michigan railroad commission in no way
> authorized the increase of rates in excess of those fixed
> in defendant's franchise.

Error to Monroe; Root (Jesse H.), J.   Submitted
April 7, 1920.   (Docket No. 2.)   Decided December
21, 1920.   Motion for rehearing submitted February
8, 1921.   Denied March 30, 1921.

Assumpsit in justice's court by Ira G. Humphrey
against the Detroit, Monroe & Toledo Short Line
Railway for the statutory penalty for collecting an
excessive fare.   There was judgment for plaintiff, and
defendant appealed to the circuit court.   Judgment
for plaintiff on a directed verdict.   Defendant brings
error.   Affirmed.

*Bernard F. Weadock* (*Thornton Dixon* and *Don-
nelly, Hally, Lyster & Munro*, of counsel), for appel-
lant.

*Willis Baldwin*, for appellee.

213—Mich.—8.

ON MOTION FOR REHEARING.

SHARPE, J. In the opinion filed in this case (212 Mich. 91) it was stated that the record did not show that Exhibit D was included therein. It was not in the printed record, but by stipulation of counsel it was agreed that Exhibit C, which was filed with the clerk to be used at the hearing, was identical therewith. Thus, in effect, Exhibit D was before us for consideration. It consisted of a pamphlet containing the schedule of rates proposed to be charged by the defendant for transportation between Detroit and Toledo, a duplicate of which had been filed with the Michigan railroad commission.

This commission was created by Act No. 300, Public Acts of 1909 (2 Comp. Laws 1915, § 8109 *et seq.*). Subdivision *c* of section 3 provides:

"Nothing in this act contained shall be construed to authorize the commission to interfere with, lessen or impair or to authorize the impairment of any franchise provision, contract or agreement as to rate of fare now existing between any municipality, city, village, or township and any tram railway, street railway, interurban or suburban railway company, or to increase or lessen the rate of fare fixed by such franchise, contract or agreement."  *  *  *

In view of this provision, the mere filing of Exhibit D with the Michigan railroad commission in no way authorized the increase of rates in excess of those fixed in the franchise. At the time of such filing, Act No. 382 of the Public Acts of 1919 had not been enacted. The decision in *Attorney General* v. *Railway*, 210 Mich. 227, in which that act was construed, has no application to the question here presented.

The application for a rehearing is denied.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.

The late Justice BROOKE took no part in this decision.